**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Jeanne-Louise Ingress

    v.                                    Civil No. 14-cv-202-LM
                                              Opinion No. 2014 DNH 228
Daniel McKenney, John G. Stumpf,
Timothy J. Sloan, James M.
Strother, Paul D. Lambert, John
Connolly, Kevin Geaney, Rachelle
Willard, Steven Ablitt, Jessica
A. Babine, Stephen Stewart, Eric
Houser, Lynn Killkelley, Martha
R. Crocker, and Edwin W. Kelly


**O R D E R**

    This case arises out of the foreclosure of a mortgage and
an eviction action initiated by the successful bidder at the
ensuing foreclosure sale.  Jeanne-Louise Ingress, proceeding pro
se, has sued 15 defendants, including the president of a
mortgage company and several bankers, lawyers, and judicial
officers and employees.  Five defendants have yet to be served.
The ten who have been served have moved to dismiss.  Before the
court are motions to dismiss filed by: (1) Daniel McKenney; (2)
Martha Crocker, Edwin Kelly, and Lynn Killkelley; (3) Jessica
Babine, Eric Houser, and Stephen Stewart; and (4) Timothy Sloan,
James Strother, and John Stumpf.  All four motions are

unopposed.  For the reasons that follow, all four motions to dismiss are granted.

**Background**

This section begins by drawing on Judge Barbadoro's order in Ingress v. Merrimack Mortgage Co., No. 11-cv-373-PB, 2012 WL 405499 (D.N.H. Feb. 8, 2012), a case that arose from the foreclosure that preceded the eviction action that gives rise to most of the claims in this case.

In September of 2005, Ingress borrowed about $200,000 from Merrimack Mortgage Company ("Merrimack").  Id. at *1.  To secure her repayment, she mortgaged a property in Wilton, New Hampshire ("the property").  See id.  Merrimack sold the mortgage and transferred the right to service it.  See id.  Ingress stopped making payments on the mortgage in late 2008 or early 2009.  See id.  In March of 2009, Wells Fargo Bank, N.A. ("WFB"), the successor mortgagee, began foreclosure proceedings.  See id.

Ingress brought an action in the Merrimack County Superior Court in an effort to head off foreclosure.  See id.  That action was dismissed.  See id. at *2.  At the foreclosure sale, WFB purchased the property and, on September 7, 2011, it filed a foreclosure deed in the Hillsborough County Registry of Deeds, see Compl., Attch. 1 (doc. no. 1-2), at 31 of 86.

After Ingress's state-court action was dismissed, but before the foreclosure sale, Ingress filed No. 11-cv-373-PB, naming as defendants the parties she had sued unsuccessfully in her state-court action, including Merrimack, plus one other. See Ingress, 2012 WL 405499, at *12. The same day she filed No. 11-cv-373-PB, she also filed a quiet-title action in state court against the defendants in her federal case. See id. That action was dismissed with prejudice, on grounds of res judicata. See id. Judge Barbadoro, in turn, dismissed Ingress's claims on grounds of res judicata. See id. at *5.

Because Ingress did not vacate the property after the foreclosure sale, WFB served her with an eviction notice. See Compl., Attach. 1 (doc. no. 1-1), at 61 of 90. Because Ingress did not quit the property in response to the eviction notice, WFB filed a Landlord and Tenant Writ against her in New Hampshire's 9th Circuit Court, Milford District Division. See id. at 64-65 of 90. On February 24, 2014, Presiding Justice Martha Crocker ruled in WFB's favor, ordering that a Writ of Possession in favor of WFB would issue. See Compl., Attach. 1 (doc. no. 1-2), at 7 of 86. Simultaneously, Judge Crocker dismissed what appears to have been a counterclaim that Ingress filed in WFB's eviction action that includes much of the material included in her complaint in this case. See id. at 12-

3

16 of 86 ("civil action" asserting common law claim, filed by Ingress in WFB's eviction action); see also id. at 26 of 86 (endorsed order dismissing Ingress's "civil action").

After Judge Crocker ruled against her, Ingress filed a timely notice of intent to appeal Judge Crocker' decision to the New Hampshire Supreme Court ("NHSC").  See Compl., Attach 1 (doc. no. 1-2), at 9 of 86.  Within the time limit for filing a Notice of Mandatory Appeal pursuant to Rule 7 of the Rules of the Supreme Court of the State of New Hampshire ("Supreme Court Rules"), Ingress filed a petition for original jurisdiction, pursuant to Rule 11 of the Supreme Court Rules, but did not file a Rule 7 appeal from Judge Crocker's decision.  See Compl., Attach. 1 (doc. no. 1-1), at 1-37 of 90.  On May 20, 2014, Ingress filed this action.  Thereafter, the NHSC denied Ingress's Rule 11 petition.  See Def.'s Mot. to Dismiss, Ex. H (doc. no. 13-9).

As noted, four groups of defendants have moved to dismiss Ingress's claims against them.  In the section that follows, the court considers each of the four motions to dismiss.

## Discussion

### A. McKenney (doc. no. 7)

McKenney is the president of Merrimack.  In Count 1 of her complaint, Ingress claims that McKenney is liable to her for

"using [her] signature to create the funds, for creating double bookkeeping entries to defraud [her] of [her] property and for securitizing moneys created by [her] signature." Compl. (doc. no. 1) 7. This claim is based upon McKenney's conduct during Merrimack's tenure as mortgagee, which ended no later than March of 2009, when WFB initiated foreclosure proceedings. In a summary of her claims, Ingress states that "the commencement of the wrong and harm began September 7, 2011 when the wrongdoers filed a fraudulent foreclosure action against [her]." In light of the court's obligation "to construe the pleadings liberally in favor of [a] pro se party," Ingress, 2012 WL 405499, at *3 (citing Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990); Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the court notes that September 7, 2011, is the date on which WFB filed its foreclosure deed, although it commenced foreclosure proceedings in March of 2009. Thus, the court construes Ingress's complaint as claiming that the conduct giving rise to this suit commenced in March of 2009, when WBF initiated foreclosure proceedings. Id. In document no. 7, McKenney moves to dismiss Ingress's claim against him on the following grounds: (1) lack of subject-matter jurisdiction, see Fed. R. Civ. P. 12(b)(1); (2) res judicata and collateral estoppel; and (3) failure to state a claim on which relief can be granted, see

Fed. R. Civ. P. 12(b)(6).  McKenney's first argument is
dispositive.

In her complaint, Ingress does not indicate any basis for
invoking this court's subject-matter jurisdiction over her claim
against McKenney.  Because the theory of liability she
identifies is common-law fraud, the only basis for subject-
matter jurisdiction that may be reasonably inferred from the
complaint is diversity of citizenship.  See 28 U.S.C. §
1332(a)(1) (granting district courts original jurisdiction over
civil actions between citizens of different states where the
amount in controversy exceeds $75,000).  "[T]he party invoking
federal court jurisdiction bears the burden of demonstrating
that the court has subject-matter jurisdiction over the case."
Milford-Bennington R.R. Co. v. Pan Am Rys., Inc., 695 F.3d 175,
178 (1st Cir. 2012) (citing Amoche v. Guar. Trust Life Ins. Co.,
556 F.3d 41, 48 (1st Cir. 2009)).  Ingress's complaint says
nothing about McKenney's citizenship.[1]  Thus, she has failed to
carry her burden of demonstrating that the court has subject-
matter jurisdiction over her claim against McKenney.

---

[1] Moreover, while not dispositive, Ingress's amended
affidavit of certificate of service includes a list of eleven
out-of-state defendants, but that list does not include
McKenney.  See doc. no. 9, at 2-4.

Accordingly, McKenney is entitled to dismissal of Ingress's claim against him.

Even if the court did have subject-matter jurisdiction over Ingress's claim against McKenney, that claim would be subject to dismissal for at least two other reasons.  First, because there can be no legitimate question that McKenney, as president of Merrimack, is in privity with Merrimack, Ingress's claim against him is barred by res judicata, for the same reasons that Judge Barbadoro gave when he ruled that Ingress's claims against Merrimack were barred by res judicata in No. 11-cv-373-PB.  See Ingress, 2012 WL 405499, at *3 (citing Brooks v. Trs. of Dartmouth Coll., 161 N.H. 685, 690 (2011) (explaining that for res judicata to apply, "the parties must be the same or in privity with one another")).  In addition, Ingress's claim against McKenney also seems ripe for dismissal under Rule 12(b)(6) because her complaint, as construed by the court, states that the wrongdoing on which she bases all of her claims commenced in March of 2009, but alleges neither conduct by McKenney nor any connection between McKenney and Ingress after the date on which she says the wrongdoing began.

    B. Judge Crocker, Killkelley, and Judge Kelly (doc. no. 8)

Lynn Killkelley is the clerk of the Milford District Division of the 9th Circuit Court, i.e., the court in which

Judge Crocker presided over WFB's eviction action.  Edwin Kelly
is the Administrative Judge of the New Hampshire Circuit Court.

In Count 5 of her complaint, Ingress claims that Killkelley
and Judge Crocker are liable to her for

> knowing [WFB's eviction action] [was] fraud because
> it's all in the record, and for participating in the
> fraud by attempting to rob [her] of [her] property
> through an unlawful eviction action where there [was]
> no ratification of commencement, no proof of subject
> matter jurisdiction, no proof of agency, no injured
> party, no proof of ownership, no instrument, no
> contract, and where attorney testimony [was]
> unlawfully (Trinsey v. Pagliaro [229 F. Supp. 647, 649
> (E.D. Pa. 1964)]), accepted as truth and fact with no
> proof of anything whatsoever.

Compl. (doc. no. 1) 9.  In the factual narrative of her
complaint, Ingress directs one set of allegations to what she
sees as the legal infirmities of Judge Crocker's decision in
WFB's eviction action, and directs another set of allegations to
an argument that no New Hampshire state-court judge could ever
render an impartial decision in a case involving WFB because of
WFB's involvement with the retirement system in which all state
judges participate.  Thus, Ingress clams that Judge Crocker's
decision in WFB's eviction action was both legally incorrect and
a product of a conflict of interest.  Ingress makes no free-
standing allegations against Killkelley, the clerk of court, but
merely attaches her name to most of the allegations against
Judge Crocker.

In Count 6, Ingress claims that Judge Kelly is liable to
her for

> allowing fraud and conspiracy to commit fraud,
> felonies and conspiracy to commit felonies, misprision
> of felonies and conspiracy to commit misprision of
> felonies, treason and conspiracy to commit treason,
> misprision of treason and conspiracy to commit
> misprision of treason, to operate unchecked in the
> courts under [his] charge.

Compl. (doc. no. 1) 9.  The factual narrative in Ingress's
complaint does not mention Judge Kelley.  Rather, her claim
appears to be based upon some form of respondeat superior under
which an administrative judge is vicariously liable for the
conduct of the other judges on the court he or she serves as an
administrative judge.

In document no. 8, Judge Crocker, Judge Kelly, and
Killkelley ("the judicial defendants") move to dismiss Ingress's
claims against them on the following grounds: (1) Eleventh
Amendment sovereign immunity; (2) judicial immunity; (3) the
Rooker-Feldman doctrine; and (4) failure to state a claim on
which relief can be granted, see Fed. R. Civ. P. 12(b)(6).  The
judicial defendants' third argument is dispositive.

"The Rooker-Feldman doctrine precludes 'the losing party in
state court [from filing] suit in federal court after the state
proceedings [have] ended, complaining of an injury caused by the
state-court judgment and seeking review and rejection of that

9

judgment.'" Coggeshall v. Mass. Bd. of Reg. of Psychologists, 604 F.3d 658, 663 (1st Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)); see also D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923). When the Rooker-Feldman doctrine bars a claim, a district court lacks subject-matter jurisdiction over it. See Exxon Mobil, 544 U.S. at 291.

Ingress's claims against the judicial defendants are nothing more than a challenge to Judge Crocker's decision in WFB's eviction action. That judgment became final when Ingress failed to file a Rule 7 notice of appeal within the allotted time for doing so. See N.H. Cir. Ct. Dist. Div. R. 1.11.A. Because Ingress filed this action after Judge Crocker's judgment became final, and because Ingress seeks only to challenge that judgment, her claim against Judge Crocker and Killkelley is barred by the Rooker-Feldman doctrine. Moreover, because Judge Kelly's purported liability is entirely derivative of the asserted liability of Judge Crocker, Ingress's claim against Judge Kelly is also barred by the Rooker-Feldman doctrine. Because the Rooker-Feldman doctrine bars Ingress's claims against the judicial defendants, this court lacks subject-matter jurisdiction over those claims. See Exxon Mobil, 544 U.S. at

291.  Accordingly, the judicial defendants are entitled to dismissal of Ingress's claims against them.

C. Sloan, Strother, and Stumpf (doc. no. 14)

John Stumpf, Timothy Sloan, and James Strother are all officers of WFB.  In Count 2 of her complaint, Ingress claims that Stumpf, Sloan, and Strother ("the WFB defendants") are liable to her for "pretending to be the injured parties on behalf of WFB which cannot be an injured party because it cannot act, communicate or be responsible as a dead entity."  Compl. (doc. no. 1) 8.  In document no. 14, the WFB defendants move to dismiss Ingress's claim against them on the following grounds: (1) lack of personal jurisdiction; (2) res judicata and collateral estoppel; (3) failure to plead fraud with adequate particularity, see Fed. R. Civ. P. 9(b); and (4) failure to state a claim on which relief can be granted, see Fed. R. Civ. P. 12(b)(6).  The WFB defendants are entitled to dismissal of the claim against them for yet another reason: lack of subject-matter jurisdiction.  See In re Plaza-Martínez, 747 F.3d 10, 12 (1st Cir. 2014) ("a court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte") (quoting Spooner v. EEN, Inc., 644 F.3d 62, 67 (1st Cir. 2011)) (alteration omitted).

11

While Ingress's complaint is somewhat difficult to understand, its factual narrative makes it relatively clear that her claim against the WFB defendants rests upon her theory that the eviction notice she was served suffered from some sort of legal infirmity that infected the entire eviction action.  That is plainly an attack on the validity of the judgment rendered in that action.  But, such a claim is barred by the Rooker-Feldman doctrine.  Because this court lacks subject-matter jurisdiction over Ingress's claim against the WFB defendants, see Exxon Mobil, 544 U.S. at 291, they are entitled to dismissal of that claim.

D. Babine, Houser, and Stewart (doc. no. 13)

Eric Houser is the president of the law firm Houser and Allison, APC.  Jessica Babine is an attorney with that firm, and Stephen Stewart is a paralegal at the firm.  The Houser and Allison firm represents the WFB defendants in this action.  In Count 4 of her complaint, Ingress claims that Houser, Babine, and Stewart ("the law-firm defendants") are liable to her for

> perpetrating fraud by entering testimony into the
> record and acting as an attorney witness (Trinsey v.
> Pagliaro), as if [they had] first-hand knowledge or
> [were] an injured party; and for registering surprise
> at not being able to perpetrate "business as usual" in
> fraud.

Compl. (doc. no. 1) 9.  In document no. 13, the law-firm
defendants move to dismiss Ingress's claim against them on the
following grounds: (1) collateral estoppel; (2) failure to plead
fraud with adequate particularity, see Fed. R. Civ. P. 9(b); and
(3) failure to state a claim on which relief can be granted, see
Fed. R. Civ. P. 12(b)(6).  The law-firm defendants' third
argument is dispositive.

When ruling on a motion to dismiss for "failure to state a
claim on which relief can be granted," Fed. R. Civ. P. 12(b)(6),
the court is to conduct a limited inquiry, focusing not on
"whether a plaintiff will ultimately prevail but whether the
claimant is entitled to offer evidence to support the claims."
Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The purpose of the
court's inquiry is to determine "whether the complaint contains
sufficient factual matter to state a claim to relief that is
plausible on its face."  Carrero-Ojeda v. Autoridad de Energía
Eléctrica, 755 F.3d 711, 717 (1st Cir. 2014) (quoting Rodríguez-
Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013))
(internal quotation marks and brackets omitted).  When
conducting its inquiry, a court must: (1) "isolate and ignore
statements in the complaint that simply offer legal labels and
conclusions or merely rehash cause-of-action elements," id.
(quoting Schatz v. Rep. State L'ship Comm., 669 F.3d 50, 55 (1st

Cir. 2012)); and (2) "take the facts of the complaint as true, 'drawing all reasonable inferences in [plaintiff's] favor, and see if they plausibly narrate a claim for relief,'" id. (quoting Schatz, 669 F.3d at 55).

Here, Ingress's complaint lists the law-firm defendants in its caption, and Count 4 purports to state a claim against them. However, the complaint's factual narrative does not describe any conduct by the law-firm defendants.  The 319-page attachment to the complaint is similarly silent on this key issue.  The only factual allegation in Count 4 itself, i.e., that the law-firm defendants entered testimony into the record, is conclusively refuted by the record, which includes no testimony of any kind from the law-firm defendants.  Because Ingress's "complaint [does not] contain[] sufficient factual matter to state a claim to relief [against the law-firm defendants] that is plausible on its face," Carrero-Ojeda, 755 F.3d at 717, the law-firm defendants are entitled to dismissal of Ingress's claim against them.

## Conclusion

For the reasons described above, all ten defendants who have been served are entitled to dismissal of Ingress's claims against them.  Accordingly, the four pending motions to dismiss, document nos. 7, 8, 13, and 14, are all granted.  Thus, this

case now consists only of Count 3, which asserts claims against Paul Lambert, John Connolly, Kevin Geaney, Rachelle Willard, and Steven Ablitt, none of whom have been served.  Count 3 is subject to Chief Deputy Clerk Phelan's order of October 15, 2014 (doc. no. 15), directing Ingress to make service on the five remaining defendants within 60 days or face possible dismissal of her claims against them.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

October 28, 2014

cc:   Jeanne-Louise Ingress, pro se
      Jessica Suzanne Babine, Esq.
      Nancy J. Smith, Esq.
      Joshua M. Wyatt, Esq.